IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LIN E. DAVIS, | : |
| Plaintiff | : |
| VS. | : |
| | : CIVIL No: 7:16-CV-0062-HL-TQL |
| PULASKI STATE PRISON, et al, | : |
| Defendants | : |

# ORDER

Plaintiff Lin E. Davis, a prisoner confined at the Thomas County Jail in Thomasville, Georgia, has filed a *pro se* civil rights action pursuant to 28 U.S.C. § 1983 and seeks leave to proceed without prepayment of the filing fee. The Court has now fully considered Plaintiff's Motion to proceed *in forma pauperis* (EFC No. 6), Amended Complaint (EFC No. 5), and motions for emergency injunctive relief (ECF No. 7, 8, 9, 10, 11). Plaintiff's Motion to proceed *in forma pauperis* and requests for emergency injunctive relief are, however, **DENIED**, and his Complaint is **DISMISSED**.

## I.   Motion to Proceed *in forma pauperis*

As preliminary matter, the undersigned must first address Plaintiff's Motion to proceed in this action without prepayment of the Court's filing fee. Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is known as the "three strikes provision."  Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim.  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).  If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave may not be granted unless the prisoner alleges an "imminent danger of serious physical injury." *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed many lawsuits in federal court and that at least six of his complaints were dismissed as frivolous or malicious or for failing to state a claim.[1]  Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception. *See id*.

In this case, the Amended Complaint alleges that Plaintiff is suffering from a "swollom storod."  Plaintiff states that he has "not used the restroom in 60 days," but he also alleges that he does urinate (painfully) and that both his urine and stool contain blood.  Plaintiff is also apparently bleeding from "his mouth"; and he can barely talk.  Plaintiff states that these conditions have "degenerated" over time (it is unclear how long) and that he could "really be dying."

---

1 Plaintiff has filed at least twenty lawsuits in the district courts in Georgia. *See Davis v. State of Georgia*, 7:13-CV-151 (HL) (M.D. Ga. Nov. 18, 2013) (ECF No. 5) (listing strikes).  He has not, however, limited his litigation to Georgia.  A PACER search reveals he has filed hundreds of cases in various district courts in Arizona, Colorado, Texas, Oklahoma, Washington DC, Massachusetts, Illinois, and Florida.

Plaintiff's obscure allegations, however, do not provide any clear identification of his medical condition or what treatment is needed; and his reference to a "swollom storod" or "swallow stiyrod" that makes it difficult for him to speak is simply nonsensical. Even if these allegations are liberally construed as a complaint about a medical condition effecting Plaintiff's rectum, the Court still cannot determine whether Plaintiff is describing a simple hemorrhoid, the effects of chronic constipation, or something much more serious, such as prostate cancer. In either case, Plaintiff's allegation that he has not used the bathroom in 60-days is entirely inconsistent with his complaints about the recent appearance of his stool and urine. Most importantly, Plaintiff does *not* allege that prison officials are refusing him care all care. It in fact appears that Plaintiff is simply not satisfied with the treatment he has received or the medical equipment available at the Thomas County Jail. Plaintiff would thus prefer that jail officials take him to the hospital where he can see a "real" doctor.

In light of this - and because of Plaintiff's vague and contradictory allegations, the Court finds that Plaintiff's Complaint does sufficiently show the existence of a "genuine emergency" in which a threat of serious physical injury to Plaintiff is both "real and proximate." *See Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (emphasis added). Plaintiff's Motion to Proceed *in forma pauperis* is accordingly **DENIED**.

## II.    Plaintiff's Complaint

Even if Plaintiff's allegations were sufficient to satisfy the imminent danger exception, his Complaint also fails to state a viable claim against the named defendants. In his Complaint, and in addition to the allegations above, Plaintiff's complains (1) that he

3

was given the wrong medication while at the Thomas County Jail (at some point between 2006 and 2015) and officials refused to take him to the hospital until he was on the "brink of death"; (2) that he was deprived of legal materials or "services" at Pulaski State Prison (at some point between 2006 and 2015); (3) that the Adel County Jail was overcrowded when he was confined there (at some point between 2006 and 2015); and (4) that the Thomas County Jail only provides daytime medical services and lacks a law library.  He then names, as defendants, the Pulaski State Prison, the Thomas County Jail, the Thomas County Jail Medical Department, Thomas County Sheriff Carton Powers, the Sheriff of Adel County, Lieutenant Virginia William (Jail Administrator in Thomasville), and the Warden at Pulaski State Prison.

Pulaski State Prison, the Thomas County Jail, and the Thomas County Jail Medical Department are not entities subject to suit under § 1983.  *See Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988); *Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n. 1 (11th Cir. 2008).   Plaintiff's allegations are also fatally vague – failing to provide any information about who was responsible for the denial of medical care (or exactly how it occurred) or the conditions of which he complains.   Plaintiff in fact fails to make *any* specific allegations of wrongdoing against the named defendants: Sheriff Carton Powers, the Sheriff of Adel County, and the Warden at Pulaski State Prison.[2]  These officials cannot be held liable, under § 1983, for Plaintiff's injuries solely because of

---

2 Plaintiff also appears to raise unrelated claims arising from events in 2006, 2008, and 2013, which would likely be barred by the two-year statute of limitations applicable to § 1983 claims in Georgia.  *See Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989), (citing *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); O.C.G.A. § 9-3-33 (1982).

4

their supervisory positions. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). *See also Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) ("contention that . . . defendants are legally responsible for [inmate's] safety is just a legal conclusion: it is not a meaningful factual allegation and, therefore, is insufficient to preclude dismissal.").

The only defendant actually mentioned in Plaintiff's Statement of Claims is Lieutenant Warren, who apparently refused to supply Plaintiff with "proper legal service" at some point. It is unclear what wrong is being alleged, however. The Court presumes that Plaintiff's claim is for denial of or lack of access to legal materials amounting to a denial of access to the courts. Still, the allegations in the Complaint do not describe a constitutional violation. It is well settled that prisoners have no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To state a First Amendment claim, a prisoner alleging a lack of access to a law library must show that he has suffered an "actual injury." *Id.* In other words, a prisoner would have to demonstrate that the lack of access to the law library actually hindered his efforts to pursue a specific legal claim that challenged either his conviction (directly or collaterally) or conditions of confinement. *Id.* at 354-55. Plaintiff has not alleged any such injury.

### III. Other Motions

For the same reasons, Plaintiff's pending requests for emergency injunctive relief (ECF No. 7, 8, 9, 10, 11) are **DENIED**. An injunction may not issue unless the movant demonstrates, among other things, that there exists a substantial likelihood of success on the merits of his claim. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). As discussed above, Plaintiff has not shown a "substantial likelihood of

success on the merits, as he has failed to even state a cognizable § 1983 claim against any defendant.

## IV. Conclusion

The Court thus finds that Plaintiff's allegations both fail to demonstrate an imminent danger of serious physical injury and fail to state a viable claim for relief. As such, Plaintiff's Motion to Proceed *in forma pauperis* is **DENIED**, and his Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.[3]

**SO ORDERED**, this 28th day of July, 2016.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

3 The Court does note that this dismissal could, in effect, be *with* prejudice as to some claims included in the complaint because the statute of limitations may bar refiling of those claims. Those claims, however, appear to already be barred by the statute of limitations, and Plaintiff has not alleged any facts which would link (or even suggest the ability to link) those claims with an imminent danger of serious physical injury so as to allow him to avoid the three strikes bar for those claims standing alone. Plaintiff's attempt to boot-strap these claims to one involving an imminent threat of serious physical injury - so as to avoid the three strikes bar - has thus failed, and an attempt to amend those claims cannot cure this deficiency.